UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

LEWIS G. ADLER, ESQUIRE
26 NEWTON AVENUE
WOODBURY, NJ 08096
(856)845-1968
ATTORNEY FOR PLAINTIFFS

| | |
|---|---|
| CARLOS & CAROL MARTINO : <br> individually and as a class representatives: <br> On behalf of others similarly situated : <br> Plaintiffs, : <br> : <br> vs. : <br> : <br> EVERHOME MORTGAGE, : <br> COOPER PERSKIE LEVENSON APRIL: <br> NIEDELMAN & WAGENHEIM, P.A., : <br> and John Doe 1-100 : <br> and John Doe Servicers 1-100 : <br> Defendants : | CIVIL ACTION <br><br> CLASS ACTION <br><br><br> COMPLAINT AND <br> JURY TRIAL DEMAND |

The Plaintiffs, individually, and as private attorneys general, and on behalf

of all others similarly situated, hereby make the following complaint:

Plaintiffs Carlos & Carol Martino, residing at 527 Wesley Avenue, National

Park, County of Gloucester, New Jersey says

### PARTIES

1. The Plaintiffs own the residential property located at 527 Wesley Avenue,

    National Park, County of Gloucester, New Jersey 08063.

2. The Defendant, Everhome Mortgage (EVERHOME) 8100 Nations Way, Jacksonville, Florida 32256, solicits and does business throughout the State of New Jersey, inclusive of Gloucester County.

3. The Defendant, the law firm of Cooper Perskie Levenson April Niedelman & Wagenheim, P.A., (COOPER) whose offices are located at 1125 Atlantic Avenue, 3rd Floor, Atlantic City, NJ 08404, represented the Defendants, EVERHOME in the foreclosure proceedings.

## VENUE AND JURISDICTION

4. This action is a civil action over which this Court has original jurisdiction pursuant to 28 USC 1332(d), as amended by the Class Action Fairness Act, Pub. L. No. 109-2,119 Sta. 4 (2005). This is a class action in which at least one member of the class of the Plaintiffs is a citizen of a state different from that of the Defendants and the amount in controversy exceeds the sum of $5,000,000.00, exclusive interest and costs.

5. Plaintiffs seek to represent a class and pursue a class recovery under 28 USC 1332(d)(1)(B) (defining "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute...authorizing an action to be brought by 1 or more representative persons as a class action.")

6. The diversity requirement of Section 1332(d)(2), as amended by the Class Action Fairness Act, is satisfied when "any member of a class of Plaintiffs is a citizen of a State different from any Defendants" Id. 1332(d)(2)(A).

7. The Defendant, EVERHOME, is a Florida Corporation.

2

8.   The Defendant, COOPER, is a New Jersey professional corporation.

9.   The Plaintiffs are residents of the State of New Jersey.

10.  The proposed class will not be composed of or limited to citizens from the state of Florida. The Plaintiffs propose a class as 1) Individuals who have had home loans held or serviced by the Defendants in the State of New Jersey from sixteen years prior to the filing of the complaint through the date of class certification, 2) individuals who received a payoff or reinstatement statement from the Defendants whose home loan was in default, 3) individuals who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by law.

11.  A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and the New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

12.  The class damages sought by the Plaintiffs are to be aggregated for purposes of calculating the amount in controversy.  The Plaintiffs will be seeking actual damages, treble damages and punitive damages plus attorneys fees and costs of suit. The Plaintiffs anticipate that the damages will average $5000.00 per class member.

13.  The Defendants have  288 foreclosures pending since 2006. The class size is anticipated to be in excess of 3000 members. The total aggregated damages would be at least $15,000,000.00.

## CLASS ACTIONS ALLEGATIONS

14. The Plaintiffs bring this action on behalf of all persons similarly situated and pursuant to court rule as a class action on behalf of a statewide class of persons as defined below.

15. The Plaintiffs propose a first class as 1) Individuals who have had home loans held or serviced by the Defendant, EVERHOME in the State of New Jersey from sixteen years prior to the filing of the complaint through the date of class certification, 2) individuals who received a payoff or reinstatement statement from the Defendants whose home loan was in default, 3) individuals who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by law.

    a. A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act..

16. The Plaintiffs propose a second class as 1) Individuals who have had defaulted home loans in which the Defendant, COOPER has represented the holder of the mortgage in the State of New Jersey from six years prior to the filing of the complaint through the date of class certification, 2) individuals who received a payoff or reinstatement statement from the Defendants whose home loan was in default, 3) individuals who were

4

charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by law.

17. The claims of the named class representatives and the absent class members have a common origin and share a common basis. Their claims originate form the same illegal, fraudulent, unconscionable and/or negligent business practices of the Defendants, and the Defendants act in the same way toward the individual Plaintiffs and the members of the class. As such, the individual Plaintiffs have been a victim of the unconscionable business practices.

18. At all times relevant hereto, Defendants have engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law. The components of this scheme involve common tactics in which the Defendants have been overcharging defaulting borrowers of residential mortgages in the following manner, including but not limited to:

   a. they charged attorney fees in both foreclosure and bankruptcy which were in excess of those allowed by statute and court rule;

   b. they charged attorneys fees and costs in excess of those actually incurred;

   c. costs of suit charged to the class was excessive in violation of statute and court rule;

   d. recording fees charged were excessive of the actual fee incurred;

5

e.  over charging of sheriff's commissions by failing to properly credit deposits and monies returned from the sheriff;

f.  charging excessive interest by continuing to charge the contract rate after a judgment of foreclosure was entered when entitled to the judgment interest rate;

g.  other excessive charges, such as charging the borrower for obtaining a certificate of regularity which is not a fee which can be charged to a borrower.

19.  The proposed class representatives state a claim upon which relief can be granted that is typical of the claims of absent class members. If brought and prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

20.  The claims and remedial theories pursued by the named class representatives are sufficiently aligned with the interests of absent class members to ensure that the individual claims of the class will be prosecuted with diligence and care by the individual Plaintiffs as class representatives.

21.  The members of the class are so numerous that joinder of all members is impracticable. The Defendants engage in thousands of foreclosures per year. The class is ascertainable as the names and addresses of all class members can be identified in the business records maintained by the Defendants.

22.  Questions of fact and law common to the class that predominate include
but are not limited to:

    I.    Did EVERHOME breach their contractual obligations to the
class members by having imposed or collected amounts that
are not due and owing by contract or applicable law including
interest, default related fees, costs, attorneys fees and charges?

    II.    Did EVERHOME and COOPER engage in unfair and/or
deceptive acts and practices with respect to each Class member
that includes one or more of the following:

        a.    Imposing and collecting unnecessary and excessive fees
and charges not authorized by the loan documents or by
applicable law;

        b.    Imposing and collecting excessive interest;

        c.    Misleading or otherwise misinforming customers about
the amounts properly due and owing;

        d.    Engaging in conduct that violates state and federal
consumer protection laws; and

        e.    Harassing or otherwise treating customers unfairly and
without regard to obligations of good faith and fair
dealing.

    III.    Did EVERHOME and COOPER act in violation of the New
Jersey Truth-In-Consumer Contracts, Warranty and Notice

Act with respect to each Class member by demanding charges to which is was not entitled?

IV. Did EVERHOME engage in unfair and/or deceptive acts and practices in violation of the New Jersey Consumer Fraud Act with respect to each Class member that includes one or more of the following:

    a. Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

    b. Imposing and collecting excessive interest;

    c. Misleading or otherwise misinforming customers about the amounts properly due and owing;

    d. Engaging in conduct that violates state and federal consumer protection laws; and

    e. Harassing or otherwise treating customers unfairly and without regard to obligations of good faith and fair dealing.

V. Did EVERHOME and COOPER represent to the Plaintiffs that they are entitled to collect various loan charges that were not legally due and owing?

VI. Did EVERHOME and COOPER attempt to collect monies that are not due and owing under applicable law which would have

8

resulted in unjust enrichment of the Defendants EVERHOME

and COOPER?

23. The named individual Plaintiffs are willing and prepared to serve the
Court and proposed class in a representative capacity with all of the
obligations and duties material thereto. The individual Plaintiffs will
fairly and adequately protect the interests of the class and have no
interests adverse to, or which directly and irrevocably conflict with, the
interests of the other class members.

24. The self-interests of the named class representatives are co-extensive
with and not antagonistic to those of the absent class members. The
proposed representatives will undertake to well and truly protect the
interests of the absent class members.

25. The named individual Plaintiffs have engaged the services of counsel
indicated below. Said counsel are experienced in complex class litigation,
will adequately prosecute this action and will assert, protect, and
otherwise well represent the named class representatives and absent class
members.

26. The prosecution of separate actions by individual members of the class
would create a risk of adjudications with respect to individual members
of the class which would, as a practical matter, be dispositive of the
interests of other members of the class who are not parties to the action,
or could substantially impair or impede their ability to protect their
interests.

9

27. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying applications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards and inconsistent or varying adjudications, on what would be necessarily the same essential facts, proof and legal theories, would also create and allow to exist inconsistent and incompatible rights within the class.

28. The Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

29. The questions of law and fact common to members of the class predominate over any questions affecting only individual members.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that:

   h.  individual claims by the class members are impractical as the costs of pursuit far exceed what any one Plaintiff or class member has at stake;

   i.  as a result, there has been very little litigation over the controversies herein; and individual members of the class have no interest in prosecuting and controlling separate actions; and

   j.  the proposed class action is manageable.

## BACKGROUND

31. The mortgage and note dated March 31, 1982 executed by the Plaintiffs are documents under seal which were originated by Clarion Mortgage Company.

32. COOPER filed a foreclosure proceeding on behalf of EVERHOME, successor to Clarion against the Plaintiffs on the mortgage on or about August 26, 1996.

33. After the Plaintiffs were served with the foreclosure complaint, they filed Chapter 13 Bankruptcy.

34. On or about June 26, 2001, a final judgment was entered in the foreclosure in the sum of $32,789.13 plus attorney fees and costs of $477.89 (Exhibit A).

35. On or about December 16 2004, the Plaintiffs received a payoff from COOPER on behalf of EVERHOME in the sum of $46,678.27.

36. EVERHOME participated in the preparation of the pay off statement.

37. The payoff of $46,678.27 was calculated as payoff of the mortgage balance due of $29,992.83, post judgment interest of $7,160.79, discharge of Lis Pendens $42.00, vacate of final judgment $40.00, Sheriff's commission and costs of $1,922.73 plus attorney fees of $6,254.00 and costs of suit of $1,165.92.  A copy of the payoff letter is attached as Exhibit B.

38. Plaintiffs paid the sums demanded in full on or about January 27, 2005.

39. The Defendants then dismissed the foreclosure action with prejudice and discharged the mortgage and Lis Pendens.

## FACTUAL ALLEGATIONS
## DEFENDANTS' WRONGFUL CONDUCT

40. At all times relevant hereto, EVERHOME and COOPER have engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law. The components of this scheme involve common tactics in which the Defendants have been overcharging defaulting borrowers of residential mortgages in the following manner, including but not limited to:

    a)    they charged attorney fees in both foreclosure and bankruptcy which were in excess of those allowed by statute and court rule. Specifically the Defendants demanded attorneys fees in the amount of $6,254 when the court rule R. 4:42-9 limits the amount to $424.93 in the instant case.

    b)    recording fees charged were excessive of the actual fee; i.e. to file the vacation of the final judgment there is no fee but the Defendants charged $40.00.

    c)    In addition the Plaintiffs contend that the Defendants overcharged the class as follows:

        i.  over charging of sheriff's commissions by failing to

properly credit deposits; demanding $1,922.73 when only $1,170.91 was due.

ii. charging excessive interest by continuing to charge the contract rate after a judgment of foreclosure was entered when entitled to the judgment interest rate; in the instant case, EVERHOME charged $1,103.38 contract interest twice. Demanding post judgment interest of $7,160.79 when less was due.

## COUNT I

## BREACH OF CONTRACT - EVERHOME

41.    Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact as if they were set forth fully herein.

42.    EVERHOME owns and/or services mortgage loans evidenced by standard form notes and mortgages, the relevant provisions of which are uniform.

43.    EVERHOME has imposed or collected amounts that are not due and owing by contract or applicable law including interest, default related fees, costs, attorneys fees and charges.

44.    EVERHOME has breached its contracts with Plaintiffs and members of the class.

45.    Plaintiffs and Class members are entitled to relief for breach of contract.

13

WHEREFORE, the Plaintiffs demands judgment against the Defendant for damages, attorney's fees, and cost of suit.

## COUNT II

### INTENTIONAL MISREPRESENTATION—EVERHOME & COOPER

46. Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact as if they were set forth fully herein.

47. EVERHOME and COOPER have represented to the Plaintiffs that they are entitled to collect various loan charges that were not legally due and owing.

48. EVERHOME and COOPER'S representations concerning the right to collect such fees and charges were false.

49. EVERHOME and COOPER knew or should have known that such representations were false.

50. Plaintiffs relied upon EVERHOME and COOPER's false representations concerning their entitlement to collect such fees and charges to their detriment.

51. Plaintiffs'reliance was reasonable and justifiable in the circumstances.

52. Plaintiffs have suffered damages.

53. Plaintiffs and other class members are entitled to relief for misrepresentation.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for Damages, punitive damages, attorney's fees, and cost of suit.

14

## COUNT III

### NEGLIGENCE - EVERHOME

54.  Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact as if they were set forth fully herein.

55.  EVERHOME owed Plaintiffs and other Class members a duty of care with respect to servicing their mortgage loans that those loans were secured by an interest in each homeowners' family residence and that lack of care would result in overpayments causing great hardship.

56.  EVERHOME'S conduct with respect to Plaintiffs and other Class members was far below applicable standards for mortgage loan servicing.

57.  EVERHOME'S conduct was negligent with respect to Plaintiffs and other Class members.

58.  As direct and proximate result of the negligence listed above Plaintiffs and the other Class members have suffered damages and are entitled to relief for EVERHOME's negligence.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Everhome for damages, attorney's fees, and cost of suit.

## COUNT IV

### NEGLIGENCE - COOPER

59.  Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact as if they were set forth fully herein.

15

60.  COOPER owed Plaintiffs and other Class members a duty of care with respect to the foreclosure of their mortgage loans that those loans were secured by an interest in each homeowners' family residence and that lack of care would result in overpayments causing great hardship.

61.  COOPER'S conduct with respect to Plaintiffs and other Class members was far below applicable standards.

62.  COOPER'S conduct was negligent with respect to Plaintiffs and other Class members.

63.  As a direct and proximate result of the negligence listed above Plaintiffs and the other Class members have suffered damages and are entitled to relief for COOPER'S negligence.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Cooper for damages, attorney's fees, and cost of suit.

### COUNT V

### BREACH OF DUTY OF GOOD FAITH AND

### FAIR DEALING-EVERHOME & COOPER

64.  Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact as if they were set forth fully herein.

65.  New Jersey recognizes a duty of good faith and fair dealing with respect to conduct encompassed by contractual relations.

16

66.   EVERHOME and COOPER'S conduct as aforesaid breached said
      duty.

67.   Plaintiffs and members of the Class are entitled to relief for
      EVERHOME and COOPER's breach.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for
damages, attorney's fees, and cost of suit.


## COUNT VI

### UNJUST ENRICHMENT—EVERHOME & COOPER

68.   Plaintiffs reallege and incorporate by reference all preceding
      allegations of law and fact as if they were set forth fully herein.

69.   EVERHOME and COOPER have engaged in unlawful collection
      activities.

70.   EVERHOME and COOPER have collected monies that are not due
      and owing under applicable contract law, because the contract or
      other applicable law does not permit EVERHOME and COOPER to
      collect such fees and charges.

71.   Said conduct sounds in equity under the common law of unjust
      enrichment, money had & received, and constructive trust.

72.   EVERHOME and COOPER have been unjustly enriched by its
      conduct.

73.   Plaintiffs and Class members have suffered loss by virtue of
      EVERHOME and COOPER'S conduct.

74.     Plaintiffs and members of the Class are entitled to relief for unjust
        enrichment.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for
Damages, attorney's fees, and cost of suit.

## COUNT VII

### UNFAIR AND DECEPTIVE ASSESSMENT

### AND COLLECTION OF FEES - EVERHOME

75.     Plaintiffs incorporate by reference all the foregoing paragraphs.

76.     In the course and conduct of their loan servicing and collection,
        Defendant in numerous instances, has represented, expressly or by
        implication, that fees assessed and/or collected by EVERHOME were
        (a) allowed under, the mortgage contract and (b) permitted by law.

77.     On numerous occasions, the fees assessed and collected by
        EVERHOME were (a) not allowed under the mortgage contract or (b)
        not permitted by law. Nonetheless, EVERHOME improperly assessed
        and tried to collect these fees.

78.     Defendant's actions have caused and are likely to cause substantial
        injury to consumers. This injury is not reasonably avoidable by
        consumers and not outweighed by countervailing benefits to
        consumers or competition.

79.     Defendant's acts or practices constitute unfair and deceptive acts or
        practices in or affecting commerce in violation of Section 5(a) of the
        Federal Trade Commission Act, 15 U.S.C. §45(a) which constitutes a

violation of the New Jersey Consumer Fraud Act and are therefore actionable by the Plaintiffs under the New Jersey Consumer Fraud Act.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Everhome for damages, treble damages, attorney's fees, and cost of suit.

## COUNT VIII

## FAIR FORECLOSURE ACT - EVERHOME

80. The Plaintiffs repeat each and every allegation of the previous paragraphs and incorporate them by reference herein as if they were set forth fully herein.

81. N.J.S.A. 2A:50-57 (b)(3) prohibits the charging of attorneys fees and costs in excess of those allowed by the New Jersey court rules.

82. The Defendant's charges for costs and attorneys fees were in excess of the amount allowed pursuant to the statute and court rule R 4:42-9(a)(4).

83. The Plaintiffs demand a return of the excess charges.

84. The Defendant's acts or practices in violation of the Fair Foreclosure Act are either directly actionable under the act or constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-2.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Everhome for damages, treble damages, attorney's fees, and cost of suit.

## COUNT IX

### NEW JERSEY STATE COURT RULE - EVERHOME

85.    The Plaintiffs repeat each and every allegation of the previous count
       and incorporate them by reference herein.

86.    The Defendant's charges for costs and attorneys fees were in excess of
       the amount allowed pursuant to New Jersey court rule R 4:42-9(a)(4)
       and R 4:42-10 (a).

87.    The Plaintiffs request the return of the excess charges with interest.

88.    The Defendant's acts or practices in violation of the New Jersey Court
       Rules are either directly actionable under the act or constitute
       unconscionable business practices for which the Defendants is strictly
       liable under the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-2.

   WHEREFORE, the Plaintiffs demand judgment against Defendant,
Everhome for damages, treble damages, attorney's fees, and cost of suit.

## COUNT X

### EXCESSIVE TAXED COSTS IN

### VIOLATION OF STATE STATUTES - EVERHOME

89.    The Plaintiffs repeat each and every allegation of the previous count
       and incorporate them by reference herein.

90.    The Defendants' charges for costs were in excess of the amount
       allowed pursuant to New Jersey law including but not limited to

20

a.   NJSA 22A:2-10 which allows costs in a foreclosure of $50.00;

b.   NJSA 22A:2-10 which allows costs for a writ of execution of $10.00;

c.   NJSA 22A:2-8 which allows the filing fee of $200;

d.   NJSA 2A:15-13 which allows a maximum of $50 for the filing of the lis pendens;

e.   NJSA 22A:2-8 which allows a maximum of $35 for service of process per Defendants;

f.   NJSA 22A:2-8 which allows for the actual costs of service of process by publication;

g.   NJSA 22A:2-8 which allows for the actual costs of service of process by mail;

91.   The Plaintiffs request the return of the excess charges with interest.

92.   The Defendant's acts or practices in violation of these statutes are either directly actionable under these acts or constitute unconscionable business practices for which the Defendant is strictly liable under the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-2.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Everhome for damages, treble damages, attorney's fees, and cost of suit.

## COUNT XI

### NEW JERSEY CONSUMER FRAUD ACT -EVERHOME

93.   The Plaintiffs repeat each and every allegation of the previous counts

21

and incorporate them by reference herein as if they were set forth fully herein.

94. The Defendants have charged and received the illegal and/or excessive charges as outlined previously.

95. The actions of the Defendants constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-2.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Everhome for damages, treble damages, attorney's fees, and cost of suit.

## COUNT XIII

### TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT - EVERHOME

96. The Plaintiffs repeat each and every allegation of the previous counts and incorporate them by reference herein as if they were set forth fully herein.

97. The Defendants' notice included illegal and/or excessive charges on the loan; specifically by charging excessive costs of suit, excessive attorneys fees, and illegal late charges as outlined previously.

98. The notice which demanded such illegal payments is a violation of the Truth-In-Consumer Contracts, Warranty and Notice Act. N.J.S.A. 56:12-14

99.    The Plaintiffs have been injured as a direct and proximate result of

the Defendant, Everhome's actions.

WHEREFORE, the Plaintiffs demand judgment against Defendant,

Everhome for damages, a civil penalty of not less than $100.00, attorney's fees,

interest and costs of suit.

## COUNT XV

### JOHN DOE PARTIES

100.    In addition to the persons named as defendants, there may be others

whose names are unknown to the Plaintiffs and/or after diligent

inquiry has not been able to ascertain. They are made parties to this

action under the designation of John Does1-100.

101.    John Doe Servicer 1-100 are the unknown servicers of mortgages held

by the Defendant EVERHOME.

### PRAYER FOR RELIEF

Wherefore Plaintiffs request that this court certify a class pursuant to Court

Rule and award:

1.    Actual, special, and general damages according to proof;

2.    Statutory damages and penalties;

3.    Restitution and disgorgement according to proof;

4.    Injunctive relief against Defendants to ensure uniform standards of

servicing conduct towards all class members and to prevent future

wrongful conduct;

5.      Prejudgment interest at the maximum legal rate;

6.      Punitive, exemplary and enhanced damages according to proof;

7.      Statutory punitive treble damages;

8.      An accounting;

9.      A return of all interest paid upon the mortgage;

10.     Declaratory Judgment as necessary to correct the wrongs inflicted on

them;

11.     Litigation Expenses and Costs of the proceedings herein;

12.     Reasonable attorneys' fees; and

13.     All such other further relief as the Court deems just.

## DESIGNATION OF TRIAL COUNSEL

The undersigned, and Roger C. Mattson, Esq. are designated as trial counsel.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs hereby demands a trial by jury as to all issues of fact and/or law.

## CERTIFICATION

I hereby certify that, to the best of my knowledge and belief, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

Dated: 1/2/09

LEWIS G. ADLER, ESQ.
26 Newton Avenue
Woodbury, NJ 08096
(856) 845-1968
Attorney for Plaintiffs

# Exhibit A



Michael Jacobson, Esquire
COOPER PERSKIE APRIL NIEDELMAN
WAGENHEIM & LEVENSON
A Professional Association
1125 Atlantic Avenue - 3rd Floor
PO Box 1125
Atlantic City, NJ 08404-1125
(609) 344-3161
File No.: 45995-2
Attorneys for Plaintiff

FILED
SUPERIOR COURT OF NJ

JUN 2 5 2001

D.F.P.

---

ALLIANCE MORTGAGE COMPANY

Plaintiff,

v.

CARLOS MARTINO, ET AL.

Defendants.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
GLOUCESTER COUNTY

DOCKET NO.: F-10771-96

Civil Action

FINAL JUDGMENT OF
FORECLOSURE

This matter being opened to the Court by Michael Jacobson, Esquire of the law firm of Cooper Perskie April Niedelman Wagenheim & Levenson, P.A., attorneys for plaintiff, and it appearing that the Summons and Complaint and Amendment to Complaint has been made upon the following defendants, in accordance with the rules of this Court, and default having been entered against said defendants:

      CARLOS MARTINO
      CAROL MARTINO, his wife
      UNITED STATES OF AMERICA

And the plaintiff's obligation and mortgage having been presented and marked as Exhibits by the Court, and proofs having been submitted of the amount due on plaintiff's mortgage and sufficient cause appearing;

IT IS on this 26 day of June , 2001, ORDERED AND ADJUDGED that plaintiff is entitled to have the sum of $32,789.13 together with interest at the contract rate of 15.50 percent on $30,217.91, being the principal sum in default (including advances, if any) from April 1, 2001 to 6/26/01 , and lawful interest thereafter on the total sum due plaintiff together with costs of this suit to be taxed, including a counsel fee of $ 477.89 raised and paid in the first place out of the mortgaged premises; and

IT IS FURTHER ORDERED that the plaintiff or its assignee or any purchaser under the foreclosure sale duly recover against the following defendants: CARLOS MARTINO and CAROL MARTINO and all parties holding under, by and through said defendants with the possession of the premises mentioned and described in the said Complaint and Amendment to Complaint with appurtenances and riparian rights, and that a Writ of Possession issue thereon; and

IT IS FURTHER ORDERED AND ADJUDGED that the mortgaged premises be sold to raise and satisfy the several sums of money due in the first place, to the plaintiff, ALLIANCE MORTGAGE COMPANY, in the sum of $32,789.13 together with contract interest and lawful interest thereon as aforesaid, with the plaintiff's costs to be taxed, with lawful interest thereon, and that an execution for that purpose be duly issued out of this Court directed to the Sheriff of Gloucester County, commanding said Sheriff to make sale according to law of the mortgaged premises described in the Complaint and Amendment to Complaint, and out of the monies arising from said sale, that said Sheriff pay in the first place to the plaintiff, ALLIANCE MORTGAGE COMPANY, or its attorney, said plaintiff's debt, with interest thereon as aforesaid and said plaintiff's

2

costs with interest thereon as aforesaid, and in case more money shall be realized by the said sale than shall be sufficient to satisfy such several payments as aforesaid, that such surplus be brought into this Court and that the Sheriff aforesaid make a report of the aforesaid sale without delay as required by the rules of this Court; and

IT IS FURTHER ORDERED AND ADJUDGED that the defendants in this cause, and each of them stand absolutely debarred and foreclosed of and from all equity of redemption of, in, and to said mortgaged premises described in the Complaint and Amendment to Complaint, when sold as aforesaid by virtue of this judgment, except as provided by 28 USC Section 2410;

IT IS FURTHER ORDERED AND ADJUDGED that the question of priority between plaintiff and defendant, United States of America, as to late charges and any interest or advances shall await surplus money proceedings, if any.

IT IS FURTHER ORDERED AND ADJUDGED that in the event it is necessary for plaintiff to make advances for taxes, insurance and other sums necessary for the preservation of the mortgaged property and the mortgage security, the mortgage shall not be merged with this foreclosure judgment for this limited purpose.

This judgment shall not affect the right of any person affected by the New Jersey tenant anti-eviction act (N.J.S.A. 2A:18-61-1 et seq.).

Anthony J. Pardllo, P.J.Ch.

ANTHONY J. PARELLO, P.J. Ch.

Respectfully recommended by
R. 3:54-6 OFFICE OF FORECLOSURE

3

# Exhibit B

Dec-23-2004 08:40am From-CONTIN'  TITLE ABSTRACT          AMERICAN MORTGAGE          +888 345 8459        1-384  P.004/005  F-282

DEC-15-2004  14:17    COOPER LEVENSON                                                     6894498170      P.02

PAGE  05

# COOPER LEVENSON
### ATTORNEYS AT LAW

1125 Atlantic Avenue
Atlantic City, NJ 08401
Phone 609-344-3161
Toll Free 800-529-3152
Fax 609-344-0956
www.cooperlevenson.com

MICHAEL JACOBSON
EMAIL: mjacobson@cooperlevenson.com
DIRECT DIAL: (609) 343-7111 EXT. 860

FILE NO. 48088-3

December 15, 2004

Mrs. Carol Martino
627 Wesley Avenue
National Park, NJ 08063

Re:  Everhome Mortgage, Successor-in-Interest to
Alliance Mortgage vs. Carlos and Carol Martino
Docket No. F-10771-96

Dear Mrs. Martino:

Pursuant to your request, the amounts required to satisfy our client's mortgage must be received at this office and be made by certified checks or bank teller's checks on or before December 31, 2004, are as follows:

1.  Check payable to the order of EVERHOME MORTGAGE, in the sum of $29,992.83.

2.  Foreclosure fees and costs due to this office by check payable to the order of COOPER, LEVENSON, APRIL NIEDELMAN & WAGENHEIM, in the sum of $16,585.44.

The above figures provided in paragraphs 1 and 2 above are void after December 31. No partial payments are acceptable. Both checks must be received by this office by the above date and they MUST be either bank checks or certified checks. After payment and satisfaction of the entire sum due, the foreclosure action will be dismissed, Lis Pendens discharged and mortgage discharged.

Please note that Everhome Mortgage may pay taxes and insurance as they become due until the funds are received. In the event payoff proceeds are tendered and they are insufficient to cover advances made by our client, payment of said advances will be required prior to your receiving a cancelled mortgage and/or dismissal of the foreclosure.

COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.

Received  Dec-15-2004  02:17pm    From-6094498170           To-CONTINENTAL TITLE AB   Page  002

## COOPER LEVENSON APRIL NIEDELMAN &WAGENHEIM
### A PROFESSIONAL ASSOCIATION

Mrs. Carol Martino
December 15, 2004
Page 2

Please advise of your intentions. This is, of course, without prejudice to our client's interests.

If you have any questions, please give my paralegal Lisa Johnson a call at 609-572-7392.

Very truly yours,

Michael Jacobson

MJ:lj

This is an attempt to collect a debt and any information obtained will be used for that purpose

CPAC:14767.1

# DRAFT

## PAYOFF FIGURES FOR
## LOAN #0000954093 – MARTINO
## DOCKET # 10771-96

Mortgagor:

Carlos & Carol Martino          Our File # 45995-2
527 Wesley Avenue
National Park, NJ  08063
Lot 1A Block 99 &
Lot 16 Block 45

Additional fees not included in Everhome spreadsheet

| | | |
|---|---:|---:|
| Everhome Mortgage Company Total | | $ 29,992.83 |
| Legal Fees | | $  6,254.00 |
|   Billed to Client | $  1,690.00 | |
|   Flat Fee | $  1,000.00 | |
|   Attorney Fee | $  1,500.00 | |
|   Proforma | $  2,064.00 | |
| Title Search Fees (from certification of search fees) | | $     320.92 |
| Court Filing Fees | | $     845.00 |
|   Complaint | $     200.00 | |
|   Amendment | $     135.00 | |
|   Cert. & Motions 17 @ 30.00 | $     510.00 | |
| Post Judgment Interest | | $  7,160.79 |
| Sheriff's Cost/Commission | | $  1,922.73 |
| Discharge of Lis Pendis | | $       42.00 |
| Vacate Final Judgment | | $       40.00 |
| **TOTAL** | | $ 45,903.24 |

CPAC: 497002.1

MORTGAGE
PAY OFF

TOTAL  P.01

# Exhibit C

**STATEMENT OF SALE**
**COUNTY OF GLOUCESTER SHERIFF'S OFFICE**

Writ Received 10/28/2004   Writ Exp Date 8/23/2006

File # 103465
Docket # F-10771-96

Plaintiff:   **EVERHOME MORTGAGE COMPANY**

vs.

Defendant:   **CARLOS MARTINO, ET UX, ET AL**

Firm:   **COOPER LEVENSON NIEDELMAN WAGENHEIM**
1125 ATLANTIC AVE 3RD FLOOR
ATLANTIC CITY NJ 08404-1125

Attorney File Number   45995-2

Property Location   527 WESLEY AVENUE
NATIONAL PARK

Block 45
Lot  15

| Sheriff's Fees | | | |
|---|---|---|---|
| Advertising Copy | 1.50 | Judgment | $ 32,789.13 |
| Advertising | 20.00 | Int. from 6/26/2001 to 2/2/2005 | 6,917.63 |
| Selling | | Costs Taxed | 983.81 |
| Statement | 10.00 | Int. from 6/26/2000 to 2/2/2005 | 278.72 |
| Mailing Fee | 445.52 | Contract Interest on $30,217.91 at 15.500% from 4/1/2001 to 6/26/2001 | 1,103.38 |
| Publishing | 20.00 | | |
| Posting Notice | | Late Payment Interest | 0 |
| Adjournments | | Court Orders With Interest | 0.00 |
| Deed | | Court Orders Without Interest | 0.00 |
| Commission | 670.69 | | |
| Report of Sale | | Total Judgment | $ 42,072.67 |
| Copies | 3.00 | UPSET PRICE UNTIL 2/2/2005 IS | |
| TOTAL FEES AND COMM | $ 1,170.91 | $44,355.59 | |
| | | Advertised in | 274.40 |
| Attorney Deposit | $ 650.00 | GLOUCESTER COUNTY TIMES | 171.12 |
| | | INTERCOUNTY | |
| | | SENTINEL | |
| | | | $ 445.52 |

SALE DATE: 12-15-04   DEF.'S 1ST ADJ. TO 1-5-05 (3 weeks due to holidays:no sales 12-22-04 & 12-29-04).DEF.'S 2ND TO 1-19-05. Pla atty adj sale to 1-26-05, 2-2-05
On 1-27-05 plaintiff cancelled sale due to a settlement in the amount of $31,044.63, attorney billed for outstanding costs and commissions
On 2-8-05 received the outstanding costs and 1/2 commissions due.
RETURNED TO SUPERIOR COURT 2-9-05  MARKED: PARTIALLY SATISFIED

94834
6
i
9

0
4
8
3
4
0
0
0

## PAYOUTS

Sale# #
10346S

☐ Plaintiff Purchase  ☐ Cancelled
☐ Redemption  ☑ Settled
☐ Bankruptcy  ☐ Bidder Purchase

| | | | |
|---|---|---|---|
| Purchase Price | | Deposits Adty | 650.00 |
| Sale Int Amount | 0.00 | Attorney Payment | |
| Fees and Commission | 1,170.91 | Buyer Deposit | |
| | | Buyer/Defendant Payment | |
| | | Buyer Additional Payment | |
| | | Deft Adjournment Payment | 28.00 |
| | | Total To Received | $678.00 |
| Total First Judgement Due | 42,072.67 | Advertising | 445.52 |
| | | Treasurer | 753.39 |
| | | Attorney | (520.91) |
| | | Deed | |
| | | Buyer Deposit Refund | 0.00 |
| | | Payout 1st | 0.00 |
| | | Payout 2nd | 0.00 |
| | | Surplus to Court | 0.00 |
| | | Total To Pay Out | $678.00 |
| | | Balance | $0.00 |

Total Received

Total Paid Out

Balance To Payout $0.00

add_fees_with_comm
1170.91

newto_lot
445.52

purchase_commission
670.89