MORTGAGE

527 *Lesley Ave.*

This form is used in connection with mortgages insured under the one- to four-family provisions of the National Housing Act.

61488

THIS INDENTURE, made the 31st day of March in the year of our Lord One Thousand Nine Hundred and Eighty-Two
BETWEEN Carlos Martino & Carol Martino of the Borough of West Deptford Township of National Park in the County of Gloucester and State of New Jersey

hereinafter with their heirs, executors, administrators, successors, and assigns called the Mortgagor, and CLARION MORTGAGE COMPANY, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, hereinafter with its successors and assigns called the Mortgagee,

WHEREAS, the said Carlos Martino & Carol Martino justly indebted to the Mortgagee in the sum of Thirty Nine Thousand Three Hundred Fifty and 00/100ths Dollars ($ 39,350.00 ) with interest thereon, as evidenced by a certain bond or obligation bearing even date with these presents, conditioned for the payment of the said sum to the Mortgagee, its certain attorney, successors or assigns, at its principal office in Four Neshaminy Interplex, Suite 211, Trevose, Pennsylvania 19047, or at such other place as the Mortgagee may designate in writing, the said principal and interest to be payable in monthly installments of Five Hundred Thirteen and 33/100ths Dollars ($ 513.33 ), commencing on the first day of May 1, , 1982 and on the first day of each month thereafter until the principal and interest are fully paid, except that the final payment of principal and interest, if not sooner paid, shall be due and payable on the first day of April 1, , 2012

NOW THIS INDENTURE WITNESSTH, that the Mortgagor, for better securing the payment of the said sum of money mentioned in the condition of the said bond or obligation, with interest thereon according to the true intent and meaning thereof, and also for and in consideration of the sum of One Dollar ($1) to them in hand paid by the Mortgagee, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, released, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, release, convey and confirm unto the said Mortgagee or to its certain attorney, successors or assigns, forever.

ALL that tract or parcel of land, situate, lying and being in the Borough of National Park in the County of Gloucester in the State of New Jersey:
Also being in the Township of West Deptford
BEING MORE PARTICULARLY DESCRIBED ACCORDING TO A LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

APR 23 1982

FOR ASSN. OF THIS MTG. SEE
BOOK........ PAGE...... & RECORDED ......., 19......

Previous Editions are Obsolete
CM-CL 207-HCS (2/81)

BOOK 952 PAGE 835

STATE OF NEW JERSEY
FHA-7151M (10-78)

ALL THAT land and premises situate in the Borough of National Park and Township of West Deptford County of Gloucester and the State of New Jersey:

BEGINNING at the intersection of the Northwesterly line of Grove Avenue with the Northeasterly line of Wesley Avenue; and extending thence

(1) North 60 degrees 55 minutes West along the Northeasterly line of Wesley Avenue the distance of 125.82 feet to a point; thence

(2) North 35 degrees 39 minutes 20 seconds East along said division line the distance of 90.61 feet to the Southwesterly line of East Columbia Boulevard and extending; thence

(3) South 54 degrees 20 minutes East along said line of East Columbia Boulevard, 125 feet to the Northwesterly line of Grove Avenue; and extending thence

(4) South 35 degrees 40 minutes West, along the Northwesterly line of Grove Avenue, the distance of 76.19 feet to the Northeasterly line of Wesley Avenue and the place of beginning. Being Lot 16 Block 45 on the Tax Map of the Borough of National Park and Lot 1A, Block 99 on the Tax Map of West Deptford Township.

BEING the same premises which Josephine V. Demiduke by Indenture bearing date the 31st day of March A.D., 1982 and duly intended to be forthwith recorded, granted and conveyed unto said Mortgagor(s) in fee.

TOGETHER with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion or reversions, remainder and remainders, rents, issues and profits thereof, AND ALSO all the estate, right, title, interest property, possession, claim and demand whatsoever, as well in law as in equity, of the Mortgagor, of, in and to the same, and every part and parcel thereof, with the appurtenances, and also, all materials, equipment, furnishings or other property whatsoever installed or to be installed and used in and about the building or buildings now erected or hereafter to be erected upon the lands herein described which are necessary to the complete and comfortable use and occupancy or such building or buildings for the purposes for which they were or are to be erected, including in part all awnings, screens, shades, fixtures, and all heating, lighting, ventilating, refrigerating, incinerating and cooking equipment and appurtenances thereto (the Mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty): TO HAVE AND TO HOLD the above granted and described premises with the appurtenances unto the said mortgagee, to its own proper use, benefit and behoof forever: AND THE SAID Mortgagor does covenant with the said Mortgagee, that he is seized of an indefeasible estate in fee simple in said premises, and will warrant and forever defend the title thereto unto the said Mortgagee, against all lawful claims whatsoever;

PROVIDED ALWAYS, and these presents are upon this express condition, that if the Mortgagor shall well and truly pay unto the said Mortgagee, the said sum of money mentioned in the condition of the said bond or obligation, the interest thereon, and all other payments to be made by the Mortgagor hereunder without any deduction or credit for any amount payable for taxes according to the terms of said bond or obligation, then these presents and the estate hereby granted shall cease, determine and be void.

AND THE SAID Mortgagor does covenant and agree to pay unto the Mortgagee the sum of money and interest as mentioned above and expressed in the conditions of said bond.

And the Mortgagor, in order more fully to protect the security of this mortgage, does hereby covenant and agree as follows:

1. That, together with, and in addition to, the monthly payments of principal and interest payable under the terms of the bond secured hereby, he will pay to the Mortgagee, on the first day of each month until the said bond is fully paid, the following sums:

(a) An amount sufficient to provide the holder hereof with funds to pay the next mortgage insurance premium if this instrument and the bond secured hereby are insured, or a monthly charge (in lieu of a mortgage insurance premium) if they are held by the Secretary of Housing and Urban Development, as follows:

(I) If and so long as said bond of even date and this instrument are insured or are reinsured under the provisions of the National Housing Act, an amount sufficient to accumulate in the hands of the holder one (1) month prior to its due date the annual mortgage insurance premium, in order to provide such holder with funds to pay such premium to the Secretary of Housing and Urban Development pursuant to the National Housing Act, as amended, and applicable Regulations thereunder: or

(II) If and so long as said bond of even date and this instrument are held by the Secretary of Housing and Urban Development, a monthly charge (in lieu of a mortgage insurance premium) which shall be in an amount equal to one-twelfth (1/12) of one-half (½) per centum of the average outstanding balance due on the bond computed without taking into account delinquencies or prepayments;

(b) A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and assessments next due on the mortgaged property (all as estimated by the Mortgagee) less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, taxes and assessments will become delinquent, such sums to be held by Mortgagee in trust to pay said ground rents, premiums, taxes and special assessments; and

(c) All payments mentioned in the two preceding subsections of this paragraph and all payments to be made under the bond secured hereby shall be added together and the aggregate amount thereof shall be paid by the Mortgagor each month in a single payment to be applied by the Mortgagee to the following items in the order set forth:
(I) premium charges under the contract of insurance with the Secretary of Housing and Urban Development, or monthly charge (in lieu of mortgage insurance premium), as the case may be;
(II) ground rents, taxes, special assessments, fire, and other hazard insurance premiums;
(III) interest on the balance of the principal due and owing on the bond secured hereby; and
(IV) amortization of the principal of said bond.

Any deficiency in the amount of such aggregate monthly payment shall, unless made good by the Mortgagor prior to the due date of the next such payment, constitute an event of default under this mortgage. The Mortgagee may collect a "late charge" not to exceed four cents (4¢) for each dollar ($1) of each payment more than fifteen (15) days in arrears to cover the extra expense involved in handling delinquent payments.

2. That if the total of the payments made by the Mortgagor under (b) of paragraph 1 preceding shall exceed the amount of payments actually made by the Mortgagee for ground rents, taxes or assessments or insurance premiums, as the case may be, such excess, if the loan is current, at the option of the Mortgagor, shall be credited on subsequent payments to be made by the Mortgagor, or refunded to the Mortgagor. If, however, the monthly payments made by the Mortgagor under (b) of paragraph 1 preceding shall not be sufficient to pay ground rent, taxes and assessments and insurance premiums, as the case may be, when the same shall become due and payable, then the Mortgagor shall pay to the Mortgagee any amount necessary to make up the deficiency, on or before the date when payment of such ground rents, taxes, assessments or insurance premiums shall be due. If at any time the Mortgagor shall tender to the Mortgagee, in accordance with the provisions of the bond secured hereby, full payment of the entire indebtedness represented thereby, the Mortgagee shall, in computing the amount of such indebtedness, credit to the account of the Mortgagor all payments made under the provisions of (a) of paragraph 1 which the Mortgagee has not become obligated to pay to the Secretary of Housing and Urban Development, and any balance remaining in the funds accumulated under the provisions of (b) of paragraph 1 hereof. If there shall be a default under the provisions of this mortgage resulting in a public sale of the premises covered hereby, or if the Mortgagee acquire the property otherwise after default, the Mortgagee shall apply, at the time of the commencement of such proceedings, or at the time the property is otherwise acquired, the balance then remaining in the funds accumulated under (b) of paragraph 1 preceding, as a credit against the amount of principal then remaining unpaid under said bond, and shall properly adjust any payments which shall have been made under (a) of paragraph 1.

3. That he will pay all ground rents, taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions levied upon said premises or upon the interest of the Mortgagee in and to said premises for which provision has not been made heretofore, and will deliver proper receipts therefor the Mortgagee; and in default thereof, the Mortgagee may pay the same. Any payments so made by the Mortgagee shall be a lien on the mortgaged premises, shall be added to the amount of the bond or obligation secured by these presents, and shall be payable on demand with interest at the rate set forth in the bond or obligation secured hereby from the time of such payment.

4. That he will not claim or demand or be entitled to receive any credit or credits on the principal indebtedness to secure payment of which this mortgage is made, or on the interest payable thereon, for so much of the taxes assessed against said lands as is equal to the tax rate applied to the principal indebtedness due on this mortgage or any part thereof, and that no deduction shall be claimed from the taxable value of said lands and premises by reason of this mortgage; and that during the continuance of this mortgage, the Mortgagor shall keep all the buildings subject to this mortgage in good and substantial repair, and that if the Mortgagor shall neglect to do so, the Mortgagee may at its option, enter upon said premises from time to

time, in order to repair, and keep in repair, the said premises, without thereby becoming liable to the Mortgagor, or any person holding under him in possession, and that the Mortgagee's expense of so repairing, or keeping repair, shall be a lien on said mortgaged premises, added to the amount of said bond or obligation, and secured by these presents, payable on demand together with any charge that may be imposed by the Mortgagee.

5. That the Mortgagee may, at its option, advance and pay any sum of money that in its judgement may be necessary to perfect title to the mortgaged premises in the Mortgagor, so as to make this a first lien upon the premises above described, or to preserve the security intended to be given by this mortgage, and all such sums shall be added to the a[illegible] of said bond of obligation and secured by these presents, payable on demand.

6. That he will keep the improvements now existing or hereafter erected on the mortgaged property, insured as may be required from time to time by the Mortgagee against loss by fire and other hazards, casualties and contingencies in such amounts and for such periods as may be required by Mortgagee, and will pay promptly, when due, any premiums on such insurance for payment of which provision has not been made hereinbefore. All insurance shall be carried in companies approved by Mortgagee and the policies and renewals thereof shall be held by Mortgagee and have attached thereto loss payable clauses in favor of an in form acceptable to the Mortgagee. In event of loss Mortgagor will give immediate notice by mail to Mortgagee, and Mortgagee may take proof of loss if not made promptly by Mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Mortgagee instead of to Mortgagor and Mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by Mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In event of foreclosure of this mortgage or other transfer of title to the mortgaged property in extinguishment of the indebtedness secured hereby, all right, title and interest of the Mortgagor in and to any insurance policies then in force shall pass to the Purchaser or Grantee.

7. That in the event the said premises or any part thereof shall be taken or condemned for public or quasi-public purposes by the proper authorities, the Mortgagor shall have no claim against the award for damages, or be entitled to any portion of the award until the within mortgage shall be paid and all rights to damages of the Mortgagor are hereby assigned to the Mortgagee to the extent of any indebtedness that remains unpaid, the Mortgagor, however, having the right to appeal said award to the courts of competent jurisdiction.

8. That, on and after any default in the payment of any sum secured hereby, the Mortgagor or anyone claiming by, through, or under him, shall, upon demand of the Mortgagee, become a month-to-month tenant of the Mortgagee and shall pay as monthly rental for the portion of the mortgaged premises occupied by the Mortgagor, the respective sums agreed to be paid as monthly payments in this mortgage in advance on the dates and in the manner provided for such payment in said bond and mortgage, and in default of so doing, the Mortgagor and anyone claiming by, through, or under him, may be dispossessed by proceeding under the Landlord and Tenant Act, or any other appropriate summary proceedings, and this covenant shall be effective either with or without any action being brought to foreclose this mortgage and without applying for a receiver to collect rents.

9. That failure at any one or more times of the Mortgagee to assert its right to the security created by the assignment of said rents, shall at no time be deemed a waiver of said Mortgagee's right to said security and the right to collect said rents, nor shall it impair the security of the mortgage or have any effect on the amount due hereunder.

10. The Mortgagor further agrees that should this mortgage and the bond secured hereby not be eligible for insurance under the National Housing Act within thirty days from the date hereof (written statement of any officer of the Department of Housing and Urban Development or authorized agent of the Secretary of Housing and Urban Development dated subsequent to the thirty days time from the date of this mortgage, declining to insure said bond on this mortgage, being deemed conclusive proof of such ineligibility), the Mortgagee or the holder of the bond may, at its option, declare all sums secured hereby immediately due and payable.

11. That upon default by the Mortgagor in the payment of interest or of any installment of principal, or of any part thereof, or of any monthly installment for ground rent, taxes, assessments, water rates, or other municipal or governmental rates, charges, impositions or liens, or any premium of fire or other insurance, or any other payments to be made by the Mortgagor hereunder; or in the event the Mortgagor shall fail to comply with the laws, rules, regulations and ordinances made or promulgated by lawful authority which are now or may hereafter become applicable to the mortgaged premises, within sixty (60) days after a notice in writing given by the said Mortgagee to the Mortgagor; or if any building, structure, or other improvement on the premises shall be removed or demolished by the Mortgagor, or his agents or servants without the written consent of the Mortgagee, then, in any of these cases, the aforesaid principal indebtedness or so much thereof as may remain unpaid with all arrearages of interest charges and all advancements, at the option of the Mortgagee, shall become and be due immediately thereafter.

**AND IT IS FURTHER AGREED** by and between the parties to these presents that if any default should be made herein by the said Mortgagor in the payment, on any day when payable, of the principal sum of this mortgage and the bond secured hereby, or any part or installment thereof, or of the said interest or of any other payments required hereby to be made by the Mortgagor or any part thereof; or, if any default should be made herein by the Mortgagor in the performance of any covenant herein contained, then it shall and may be lawful for the said Mortgagee to enter upon and take possession of the said mortgaged premises and to let the same, either in its own name or in the name of the said Mortgagor, and to receive the rents, issues and profits of the said mortgaged premises and to apply the same, after the payment of all necessary charges and expenses, on account of the amount hereby secured; and said rents and profits are, in the event of any such default as aforesaid, hereby assigned to the said Mortgagee: PROVIDED ALWAYS that after all defaults under this indenture shall have been remedied and amended and all necessary charges and expenses incurred by reason thereof shall have been paid, possession of said mortgaged premises shall be restored to the Mortgagor who shall, therefore, again hold the same subject to the within mortgage as if the said Mortgagee had made no entry, but nothing hereinbefore contained shall extend to or affect any subsequent default or impair any right consequent thereon. In the event of entry as aforesaid, the Mortgagee shall render an account to the Mortgagor for all moneys received under said entry and shall pay over to the Mortgagor all excess moneys over and above the moneys which said Mortgagee is entitled to have by the terms of the said bond and mortgage. The said Mortgagee while in possession of said mortgaged premises shall only be liable to account for the rents actually received.

All of the covenants and conditions herein contained shall be for the benefit of, and bind the heirs, executors, administrators, successors and assigns of, the respective parties hereto. If more than one joins in the execution hereof as Mortgagor or any be of the feminine sex, the pronouns and relative words herein used shall be read as if written in plural or feminine, respectively.

CM-CL-202a-HCS (2/81)

IN WITNESS WHEREOF, the said Mortgagor(s) have hereunto set their hands and seals, the day and year first above written.

Signed, sealed, and delivered in the presence of:

_____   { L.S. }
Carlos Martino

_____   { L.S. }
Carol Martino

_____   { L.S. }

_____   { L.S. }

**STATE OF NEW JERSEY**

COUNTY OF Gloucester } ss:

BE IT REMEMBERED, That on this 31st day of March year One Thousand Nine Hundred and Eighty-Two, before me personally appeared Carlos Martino & Carol Martino who I am satisfied are the Mortgagor s, the within Indenture named; and I having first made known to them the contents thereof, did acknowledged that they signed, sealed, and delivered the same as their voluntary act and deed for the uses and purposes therein expressed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal this 31st day of March .19 82

_____ M. LEWIS
7/12/86

Prepared by _____ Beth L. Coombs
Beth L. Coombs

Received for record on the 6th day of April A.D. 1982 at 8:30 o'clock A.M., and recorded in Book No. 952 of Mortgages, at page 835 &c

_____ County Clerk dy

The Mortgagor(s) certify that a true copy of the within instrument has been received.

_____
Carlos Martino

_____
Carol Martino

GLOU. CO. CLERKS OFFICE
JOSEPH J. HOFFMAN, CLERK
RECEIVED
APR 6 1982

MORTGAGE

BOOK 952 PAGE 839

954053

KNOW ALL MEN BY THESE PRESE    . CLARION MORTGAGE COMPANY, a corpo      or     ed
and existing under the laws of the Commonwealth of Pennsylvania, with its prin  al office
at Four Neshaminy Interplex, Suite 211, Trevose, Pennsylvania 19047, for and in consideration
of the sum of One Dollar, lawful money of the United States of America, and other good and
valuable consideration, to it in hand paid by   Charter Mortgage Company

    25 West Forsyth Street, Jacksonville, Florida
a corporation organized and existing under the laws of  Florida
with its principal office at  Jacksonville, Florida

hereinafter referred to as ASSIGNEE, at or before the ensealing and delivery of these
presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold,
assigned, transferred and set over, and by these presents does grant, bargain, sell,
assign, transfer and set over unto the said ASSIGNEE and its successors and assigns;
all that certain Indenture of Mortgage covering premises situate in the   Borough
of    National Park      , County of  Gloucester       and State of New Jersey
    Also being in the Township of West Deptford.
BEING known as:   527 Wesley Avenue, National Park, New Jersey

dated March   31,   1982, and to be recorded immediately prior to the recording of
this Assignment in the Office of the Register, Clerk or Recorder of   Gloucester
County, made and executed by  Carlos Martino and Carol Martino

hereinafter referred to as MORTGAGOR, to said CLARION MORTGAGE COMPANY, in the principal
sum of $   39,350.00  , payable with interest on the unpaid balance at the rate of /15%
per annum, in monthly installments as therein noted.

TOGETHER with the hereditaments and premises in and by said Indenture of Mortgage
particularly described and granted, or mentioned and intended so to be, with the
appurtenances, and the bond or obligation in said Indenture of Mortgage mentioned and
thereby intended to be secured and all incidental or supplemental documents, or instruments,
if any, secured or intended to be secured thereby, and all monies due and to grow due
thereon, and all its estate, right, title, interest, property, claim and demand in and
to the same.

TO HAVE and to hold the same unto the said ASSIGNEE and its successors and assigns, to
its and their proper use, benefit and behoof forever, subject, nevertheless, to the equity
of redemption of said MORTGAGOR in said Indenture of Mortgage named, and the heirs,
executors, administrators, successors and assigns of said MORTGAGOR therein.

AND IT, the said CLARION MORTGAGE COMPANY, does hereby covenant, promise and agree to
and with the said ASSIGNEE that there is now due and owing upon the said bond or obligation
and Mortgage, the sum of money hereinabove specified as the principal sum  due thereon,
with interest at the rate specified hereinabove.

IN WITNESS WHEREOF, the said CLARION MORTGAGE COMPANY, has caused its corporate seal to
be hereto affixed and these presents to be duly executed by its proper officers this   31st
day of    March       A.D., 19 82.

CLARION MORTGAGE COMPANY

BY
                                    Vice-President
                                    Francis X. Heron

ATTEST:
                                    Assistant Secretary
                                    Sharon A. Keiter

APR 26 1982

STATE OF PENNSYLVANIA  )
                       )  SS:
COUNTY OF BUCKS        )

BE IT REMEMBERED, that on this 31st   day of   March       , in the Year of Our Lord, One
Thousand Nine Hundred and Eighty- Two        , before me, the subscriber, a Notary Public of
the State of Pennsylvania, personally appeared   Francis X. Heron
Vice-President of CLARION MORTGAGE COMPANY, known to me personally to be such, and acknowledged
this Instrument of Writing, to be his act and deed and the act and deed of said Corporation;
that the signature of the Officer aforesaid is in his own proper handwriting; that the seal
above pre-printed is the common or corporate seal of said corporation and that his act of signing,
sealing, executing, acknowledging and delivering said Instrument of Writing was duly authorized
by a resolution of the Board of Directors of the said CLARION MORTGAGE COMPANY.

                                    Notary Public of Pennsylvania

Prepared by: Marianne Capehart
          Marianne Capehart                    430

CL-101    4/81

SUSAN I. TOUN
Bensalem Twp, Bucks Co.
My Commission Expires April 22, 1985

500

ASSIGNMENT OF MORTGAGE

GT-8713

C#

TO

RECEIVED
GLOU. CO. CLERKS OFFICE
JOSEPH I. HOFFMAN, CLERK

APR 6 1982

AM
7,8,9,10,11,12,1,2,3,4,5,6 PM

PLEASE RECORD AND RETURN TO:

CLARION MORTGAGE COMPANY
FOUR NESHAMINY INTERPLEX
SUITE 211
TREVOSE; PA.   19047

Received Apr.6th A.D. 19 82
At 8:30 o'clock... A.M.
and recorded in the Clerk's Office
of Gloucester County, at Woodbury
in book J-5 of Assign. of Mtges.
page 4994c

CLERK

Stamps when Rec

952-935

954053

C# 30-954053

**FHA CASE NO.**
351-177493-203b

This form is used in connection with mortgages insured under the one- to four-family provisions of the National Housing Act.

## New Jersey Mortgage Bond

KNOW ALL MEN BY THESE PRESENTS: That  Carlos Martino & Carol Martino

, hereinafter called the obligor s    Are   held and firmly bound unto CLARION MORTGAGE COMPANY, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania hereinafter called the obligee, in the penal sum of  Thirty Nine Thousand  Three Hundred Fifty and 00/100ths.   Dollars ($ 39,350.00       ), to be paid to the said obligee, or to its certain attorney, successors, or assigns; for which payment well and truly to be made the obligor s   do            hereby bind themselves ,heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.   their

Sealed with  their seals    and dated the   31st       day of    March       , in the year One Thousand Nine Hundred and   Eighty-Two

THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, that if the above-bounden obligor s      shall well and truly pay or cause to be paid to the obligee, or to its certain attorney, successors, or assigns, at its principal office in Four Neshaminy Interplex, Suite 211, Trevose, Pa. 19047, or such other place as the obligee or its certain attorney, successors, or assigns shall designate, in writing, the just and full sum of   Thirty Nine Thousand Three

Hundred Fifty and 00/100ths

Dollars ($   39,350.00          ), with interest from date at the rate of    Fifteen and One-Half per centum (   15½  %) per annum on the unpaid balance until paid, said principal and interest to be paid in monthly installments of  Five Hundred Thirteen and 33/100ths
                                                            Dollars ($   513.33          ).
commencing on the first day of   May 1,       , 19 82, and on the first day of each month thereafter until the principal and interest are fully paid, except that the final payment of principal and interest, if not sooner paid, shall be due and payable on the first day of   April 1, 2012       , privilege being reserved to pay this obligation in whole, or in an amount equal to one or more monthly payments on the principal that are next due, on the first day of any month prior to maturity: Provided, however, that written notice of an intention to exercise such privilege is given at least thirty (30) days prior to prepayment and shall make all other payments provided to be made by the mortgage of even date herewith, and shall in every other respect keep and perform all the covenants and agreements contained in this bond and the said mortgage without any fraud or other delay, then the above obligation to be void, otherwise to remain in full force and virtue.

In the event that any payment shall become overdue for a period in excess of fifteen (15) days, a "late charge" of four cents (4°) for each dollar ($1) so overdue may be charged by the holder hereof, for the purpose of defraying the expense incident to handling the said delinquent payment.

In addition to the foregoing installments of principal and interest, the obligor s      promise(s) to make monthly payments in the amount, and to be applied in the manner, set forth in the mortgage securing this bond.

And it is expressly agreed that the obligor  s  herein,   their       heirs, executors, administrators, successors, and assigns, shall not make or claim any deduction from or credit on the interest herein, and in the mortgage securing this bond agreed to be paid, by reason of or on account of or for any tax or taxes, assessed or to be assessed on the real estate described in said mortgage or any part thereof; and that should any default be made in the payment of any monthly installment on account of principal and interest, or any part thereof, or any of the other payments to be made by the obligor  s      under the provisions of the mortgage securing this bond on the day whereon the same is payable, as provided in this bond (it being agreed that a default in the payment of any installment under this bond shall exist only if not made good prior to the due date of the next such installment) or in said mortgage, or should any ground rent, tax or installment thereof, assessment, water rent, or other municipal or governmental rate, charge, imposition, or lien be hereafter imposed or acquired upon the premises described in said mortgage, the payment of which is not otherwise provided for herein, become due and payable and remain unpaid for the space of thirty (30) days, then and from henceforth, that is to say, after the lapse or expiration of either of said periods, as the case may be, the above first-mentioned principal sum, or so much thereof as may at the time of such default remain unpaid, with all the arrearage of interest thereon, and all other payments provided in said mortgage securing this bond, to be made by the obligor  s      at the option of the said obligee, its successors and assigns, shall become and be due and payable immediately thereafter, although the period may not have then expired, anything herein contained to the contrary thereof in anywise notwithstanding, and the said obligee may at its option also pay any such premium of fire or other insurance, ground rent, tax or installment thereof, assessment, or water rent in arrears as aforesaid, and the amount so paid shall be added to and become part of the principal sum secured hereby and by said mortgage, and shall be payable on demand with interest at the above rate.

Signed, sealed, and delivered

_____   [L.S.]
Carlos Martino

_____   [L.S.]
Carol Martino

_____   [L.S.]

_____   [L.S.]

7/10/86

CM-CL 203-HCS (7/81)