```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

CARLOS and CAROL MARTINO,         :
individually and on behalf of     :   HONORABLE JOSEPH E. IRENAS
all those similarly situated,     : CIVIL ACTION NO. 09-11 (JEI/JS)
                                  :
              Plaintiffs,         :            OPINION
                                  :
     v.                           :
                                  :
EVERHOME MORTGAGE,                :
                                  :
              Defendant.          :
```

**APPEARANCES:**

LAW OFFICE OF LEWIS G. ADLER
By:  Roger C. Mattson, Esq.
     Lewis G. Adler, Esq.
26 Newton Avenue
Woodbury, New Jersey 08096
     Counsel for Plaintiffs

ARCHER & GREINER, P.C.
By:  Sean T. O'Meara, Esq.
One Centennial Square
Haddonfield, New Jersey 08033
     Counsel for Defendant

**IRENAS**, Senior District Judge:

In a prior opinion and order, this Court dismissed without prejudice Plaintiffs' "hopelessly muddled, misstated, and mangled Amended Complaint," with leave to file a Motion to Amend the Complaint.  *Martino v. Everhome Mortgage, et al.,* 639 F. Supp.2d 484, 486 (D.N.J. 2009).  Plaintiffs have now filed their Motion to Amend, which Defendant Everhome Mortgage ("Everhome")

opposes.[1]  Familiarity with this Court's prior opinion is presumed.  For the reasons set forth herein, the Motion will be denied and the case will be dismissed with prejudice.[2]

## I.

The proposed Amended Complaint's factual allegations are nothing more than a recitation of various dates and monetary figures, apparently without any attempt to construct a coherent story as to the dealings between Plaintiffs and Defendant Everhome.[3]  The Court simply cannot determine the relevance of many of the factual allegations.

In attempting, once again, to piece together the complained-of conduct[4], paragraph 66 of the proposed Amended Complaint

---

[1] The proposed Amended Complaint has dropped all other defendants named in the prior complaint.

[2] This Opinion and accompanying Order are subject to the Court's prior jurisdictional holdings.  See Martino, 639 F.Supp. 2d at 486 n.1.

[3] As explained in the previous opinion, the parties' dealings spanned more than eight years.  See Martino, 639 F.Supp. 2d at 486-87.

[4] To be clear, the Court is not dealing with a pro se litigant's pleading.  The instant proposed Amended Complaint was drafted by a lawyer on behalf of his clients.  Therefore, this Court need not afford the pleading at issue the same liberal construction given to a pro se pleading, especially considering that counsel had the benefit of this Court's prior opinion when drafting the proposed Amended Complaint.  Nevertheless, the Court has made every reasonable effort to decipher the proposed Amended Complaint, rather than dismiss it outright for failure to comply with Fed. R. Civ. P. 8(a)(2).  See Fed. R. Civ. P. 8(a)(2) (directing that a pleading "must contain a short and plain

appears to be the place to start.  It avers, "[t]he Plaintiffs were overcharged at least $21,771.80 ($64,232.46 - $42,460.66)."  The proposed Amended Complaint alleges Plaintiffs made the following payments, which add up to $64,232.46:

- $31,044.63 to Everhome on January 25, 2005, which was the "total amount to pay loan in full." (proposed Amended Complaint ("P.A.C.") Ex. H, see also P.A.C. Ex. K, ¶¶ 65, 61, 56-58)[5]

- 28 monthly payments of $513.44 (totaling $14,376.32) "from September 1, 2001 until at least December 1, 2003 . . . to be applied to the principal and interest due on the judgment and loan." (P.A.C. ¶ 63, see also P.A.C. ¶ 65)[6]

- "Everhome received payments via the Chapter 13 Trustee under case number 01-17893 from August 1, 2001 until September 16, 2004 of $15,384.19" (P.A.C. ¶ 64, see also P.A.C. ¶ 65)

- $3,427.32 to Cooper Levenson April Niedelman & Wagenheim, P.A., Everhome's attorneys, on January 25, 2005 (P.A.C. ¶ 61 and Ex. K, see also P.A.C. ¶ 65)

According to Plaintiffs, they should have only paid the total amount of the foreclosure judgment, plus sheriff fees and commission (i.e., the figure listed in the Gloucester County

---

statement of the claim showing that the pleader is entitled to relief.").

[5] The foreclosure judgment, entered on June 26, 2001, indicates that the "principal sum in default" was $30,217.91. (P.A.C. Ex. D)

[6] As set forth in the prior opinion, Plaintiffs' third chapter 13 case commenced on August 6, 2001 and was dismissed on May 21, 2004.  *Martino,* 639 F.Supp. 2d at 487-88.  Presumably, Plaintiffs made these monthly payments in connection with their bankruptcy case, although the proposed Amended Complaint does not make any allegations in this regard.

Sheriff's Office "Statement of Sale."). (P.A.C. ¶ 62 and Exs. J, L) Because those figures add up to significantly less than what Plaintiffs actually paid, the Amended Complaint concludes that Plaintiffs were overcharged approximately $20,000.[7]

## II.

Fed. R. Civ. P. 15(a)(2) states that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Relevant to the instant Motion, "amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 122 (3d Cir. 2000). Thus, in determining futility, the Court must "accept all factual allegations as true, construe the [proposed amended] complaint in

---

[7] The proposed Amended Complaint makes a mathematical error. The figures cited in Exhibit L add up to $43,444.56, not $42,460.66. Therefore, Plaintiffs actually allege that they were overcharged $20,787.90 ($64,232.46 - $43,444.56), not $21,771.80 as paragraph 66 states. However, the precise numbers are not particularly relevant to the disposition of the instant Motion.

4

the light most favorable to the plaintiff[s], and determine, whether under any reasonable reading of the [proposed amended] complaint, the plaintiff[s] may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The proposed amended complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Id.* at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.

While Plaintiffs' proposed Amended Complaint spans 28 pages, the entire complaint is based on the simple disparity between the figures listed in the Gloucester County Sheriff's Office "Statement of Sale" (Ex. J to the P.A.C.), and the total fees and costs Plaintiffs paid through their bankruptcies and ultimate refinancing of their mortgage.[8] According to Plaintiffs, they should have only paid the figure in the Statement of Sale, therefore Plaintiffs conclude, there must have

---

[8] The proposed Amended Complaint does not plead that Plaintiffs refinanced their mortgage. However, Exhibit K to the proposed Amended Complaint, a HUD-1 "Settlement Statement" dated January 20, 2005, clearly indicates that Plaintiffs refinanced their mortgage.

been an overcharge. For the reasons that follow, such factual allegations do not state a claim upon which relief may be granted.

Plaintiffs' entire theory of liability is based on the premise that after three separate bankruptcy cases spanning more than six years[9], Plaintiffs were only legally obligated to pay the amount of the foreclosure judgment plus sheriffs' fees and commission. Such a premise cannot possibly be true. The foreclosure judgment represents only the amount of the mortgage in arrears at the time the judgment was entered in 2001 (and, as the judgment indicates, interest that runs on the judgment thereafter). Plaintiffs' payments in bankruptcy throughout 2001, 2002, 2003, and 2004, however, were not just payments to cure arrearages but also payments to bring their mortgage current. Thus, one would fully expect Plaintiffs to pay more than the amount of the foreclosure judgment (plus sheriffs fees and commission) in bankruptcy. Therefore, the facts pled do not support an inference of wrongdoing.

All three of the claims in the proposed Amended Complaint[10] are based on the same above-discussed discrepancy, therefore all three claims lack facial plausibility.

---

[9] *See Martino,* 639 F.Supp. 2d at 487-88.

[10] The claims are breach of contract, violation of the New Jersey Consumer Fraud Act, and violation of the New Jersey Truth in Consumer Contract, Warranty, and Notice Act.

**IV.**

For the reasons set forth above, amending the Complaint would be futile because all of the proposed claims fail to state a claim upon which relief may be granted.  Plaintiffs' Motion to Amend will be denied, and the case will be dismissed with prejudice.  The Court will issue an appropriate order.


December 21, 2009                      s/ Joseph E. Irenas
                                    JOSEPH E. IRENAS, S.U.S.D.J.